**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JEFF KIRBY, on his own behalf and
others similarly situated,

                    Plaintiff,

v.                                                    Case No. 3:05cv341/RV/MD

TAFCO EMERALD COAST, INC.,
a Florida Corporation,

                    Defendant.
_____/

## ORDER

Plaintiff Jeff Kriby ("Kirby") brought an action in this court against Tafco Emerald Coast, Inc. ("Tafco"), alleging that it had denied him overtime pay and minimum wage compensation, and other relief under the Fair Labor Standards Act [29 § U.S.C. 216(b)]. On October 28, 2005, Tafco filed an answer to Kirby's complaint and also pleading two counterclaims against Kirby based on breach of contract and purported non-payment of a promissory note. Kirby now moves to dismiss Tafco's counterclaims for lack of subject matter jurisdiction. (Doc. 24) For the purposes of this motion, the factual allegations in the Defendant's answer and counterclaims will be taken as true.

## I.    FACTUAL BACKGROUND

This case arises out of an employment relationship in the summer of 2005. Kirby claims that he was employed by Tafco in July and August of 2005, and that

he has not been adequately compensated for the work done as a Tafco employee. Tafco, by contrast, contends that Kirby was not an employee of Tafco, but rather was employed by Administrative Concepts Corp. ("ACC"), an employee leasing company, on behalf of Tafco. Tafco contends that Kirby breached his agreement with Tafco and ACC by using ACC employees to perform unauthorized work for his own personal benefit, rather than for the benefit of Tafco. Tafco has also alleged that Kirby has failed to repay a $2,700 promissory note he executed with Tafco on July 21, 2005.

## II.    DISCUSSION

### A.    Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

### B.    Subject Matter Jurisdiction

The Defendant's counterclaims involve purely matters of state law, and do not have an independent basis for federal jurisdiction. Historically, district courts had ancillary jurisdiction over a defendant's counterclaims only if they were compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure.[1] Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709 (5th Cir. 1970). In the Eleventh Circuit, a counterclaim is considered compulsory under Rule 13(a) if it bears a "logical relationship" to the original claims, that is, if the same operative facts serve

---

[1] The one exception to this rule is where a counterclaim is pled in the nature of an affirmative defense to set off any damages awarded on the Plaintiff's claims. See, e.g., Mercer v. Palm Harbor Homes, 2005 WL 3019302 (M.D. Fla. 2005); Allapath Services v. Exxon, 157 F. Supp. 2d 1291 (S.D. Fla. 2001). Such counterclaims must seek only to reduce or defeat damages on the plaintiff's claims, and cannot seek any affirmative relief.

as the basis for both claims, or the aggregate core of facts upon which the original claim rests activates additional legal rights, otherwise dormant, in the defendant. Republic Health Corp. v. Lifemark Hospitals of Florida, 755 F.2d 1453 (11th Cir. 1985).

In 1990, Congress enacted Title 28, United States Code, Section 1367, which codified and expanded the power of the district courts to hear state law claims if they were sufficiently related to claims over which the court had original jurisdiction. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

There has been some confusion as to the effect that the supplemental jurisdiction authorized by Section 1367 had on earlier doctrines of ancillary jurisdiction. Compare Naranjo v. County of Rio Arriba, State of New Mexico, 862 F. Supp. 328 (D. N.M. 1994))(only compulsory counterclaims allowed under Section 1367) with Campos v. Western Dental Services, 2005 WL 3475674 (N.D. Cal. 2005)(Section 1367 provides jurisdiction for some permissive counterclaims). However, the consensus among the Circuit courts that have considered the issue seems to be that Section 1367 "extended the scope of supplemental jurisdiction… to the limits of Article III." Channell v. Citicorp National Services, 89 F.3d 379, 385 (7th Cir. 1996); see also Jones v. Ford Motor Credit, 358 F.3d 205 (2nd Cir. 2004); Blakely v. United States, 276 F.3d 853 (6th Cir. 2002); Sinclair v. Soniform, 935 F.2d 599 (3rd Cir. 1991). The limits of federal court jurisdiction under the Constitution have never been made entirely clear, but the Supreme Court has indicated that it extends at least to any claim so related to a federal claim that the two claims "derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

Tafco's state law claims for breach of contract and failure to repay the promissory note do not share a common nucleus of operative facts with Kirby's Fair Labor Standards Act ("FLSA") claims.  The FLSA claims deal only with the question of the number of hours worked and the compensation paid.  The issues in the claim for a breach of contract and for failure to pay a promissory note must necessarily involve different and separate factual matters.  The facts in this case are similar to those in <u>Lyon v. Whisman</u>, 45 F.3d 758 (3rd Cir. 1995). In <u>Lyon</u>, the plaintiff filed a complaint alleging violations of the Fair Labor Standards Act, as well as tort and breach of contract claims for failure to pay a promised bonus. As here, the main factual connection between the state and federal claims was that they both arose out of the same business relationship between the parties. <u>Id.</u>, at 762. This was held to be an insufficient basis for supplemental jurisdiction by the court over the state law claims related to the promised bonus, as it would allow plaintiffs to "bootstrap state claims into federal court," even where they were "separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count[s]." <u>Id.</u>, at 763.

Tafco's allegations, if proven, could provide a valid defensive "set off" to Kirby's claims. <u>See</u> <u>United States v. Heyward-Robinson Company</u>, 430 F.2d 1077 (2nd Cir. 1970). However, as noted above, such a set off claim may only be used to defeat or reduce recovery on Kirby's claims, and may not seek affirmative relief. If Tafco wishes to use these counterclaims merely as a potential set off, it must amend its pleading to make it clear that it is not seeking any affirmative relief on the claims.

## III.   CONCLUSION

For the above reasons, Plaintiff's motion to dismiss Defendant's counterclaims (Doc. 24) is GRANTED.  The Defendant may have fourteen days to file an amended answer if it chooses to do so.

DONE AND ORDERED this 30th day of January, 2006.

*/s/   Roger Vinson*

**ROGER VINSON**
**Senior United States District Judge**