# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JEFF KIRBY, on his own behalf and
others similarly situated,

Plaintiff,

v.  Case No.: 3:05cv341/RV/MD

TAFCO EMERALD COAST, INC.,
a Florida Corporation,

Defendant.
_____/

## ORDER

Plaintiff Jeff Kriby brought an action in this court against Tafco Emerald Coast, Inc., ("Tafco") alleging that it had denied him overtime pay and minimum wage compensation, and seeking relief under the Fair Labor Standards Act [29 § U.S.C. 216(b)]. On October 28, 2005, Tafco filed an answer to Kirby's complaint, but also asserting two counterclaims against Kriby based on breach of contract and purported non-payment of a promissory note. On January 30, 2006, I granted Kirby's motion to dismiss these counterclaims as lacking subject-matter jurisdiction, but granted leave to the Defendant to file allowable counterclaims. On February 6, 2006, Tafco did file an amended answer and counterclaims, which Kirby is now seeking to dismiss on the same grounds as in its previous motion. (Doc. 34) For the purposes of this motion, the factual allegations in the Defendant's answer and counterclaims will be taken as true.

## I.   FACTUAL BACKGROUND

Kirby claims that he was employed by Tafco in July and August of 2005, and that he has not been adequately compensated for the work done as a Tafco employee. Tafco, by contrast, contends that Kirby was not an employee of Tafco, but rather was employed by Administrative Concepts Corp. ("ACC"), an employee leasing company, on behalf of Tafco. Tafco contends that Kirby breached his agreement with Tafco and ACC by using ACC employees to perform unauthorized work for his own personal benefit, rather than for the benefit of Tafco. Tafco has also alleged that Kirby has failed to repay a $2,700 promissory note he executed in Tafco's favor on July 21, 2005.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

### B.   Subject Matter Jurisdiction

In my previous order, I held that I lacked subject-matter jurisdiction over the Defendant's counterclaims, as they did not have an independent basis for federal jurisdiction. However, I also noted that Tafco's allegations, if proven, could provide a valid defensive "set off" to Kirby's claims. See United States v. Heyward-Robinson Company, 430 F.2d 1077 (2nd Cir. 1970). For that reason, I gave Tafco the opportunity to amend in order to make it clear that its counterclaims did not seek any

affirmative relief, but only seek to set-off or reduce any recovery on Kirby's claims. It appears that the Defendant has done as authorized.

### III.     CONCLUSION

For the above reasons, Plaintiff's motion to dismiss Defendant's counterclaims (Doc. 34) is DENIED.

DONE AND ORDERED this 5th day of April, 2006.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**